# United States Court of Appeals

## For The Ninth Circuit

Case From: United States District Court for the Eastern District of California

Case Number: 2:14-CV-00324-KJM-CKD

**FILED**

JUN - 6 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Raymond H. Pierson, III, M.D., Pro Se
813 Court Street, Suite #1
Jackson, CA 95642

      Plaintiff,

     vs.

Bruce S. Rogow, J.D.; Bruce S. Rogow, PA
500 East Broward Blvd., Suite 1930
Fort Lauderdale, FL 33394

Cynthia Gunther, J.D., Cynthia Gunther, P.A.
McIntosh Schwartz
888 S. East 3rd Ave., Ste 500
Fort Lauderdale, FL 33316

And Does 1 through 5, inclusive,

      Defendants.

Notice of Appeal

Notice is hereby given that Plaintiff, Raymond H. Pierson, III, M.D., in the above named case initially filed on 1/31/14 in the U.S. District Court of the Eastern District of California, hereby appeals to the United States Court of Appeals for the Ninth Circuit denying plaintiff's Motion to Vacate 2/4/14 Transfer Order (Doc. 5) filed 5/5/14.

The transfer order occurred on the day of judicial assignment without notice to the parties or the opportunity to submit responsive motions in opposition. The case file was transferred on that same date. The plaintiff did not become aware of this decision until receiving via U.S. mail the notice of the court action. There is a significant body of caselaw from the Supreme Court and the several Federal Appellate Courts which hold the position that transfer of a case *sua sponte* in this manner without notice or the opportunity for responsive briefs is invalid. There is a strong

argument and opinions contained within the relevant caselaw to support the opinion that an invalid transfer order of this type invalidates the transfer. This invalidation of the transfer order results in the transferor court retaining jurisdiction over the case. *Windsor v. McVeigh*, 93 US 277 established the position that notice to the party of the suit prior to valid judgment affecting his rights was a fundamental right and that failure to provide such notice eliminated the court's jurisdiction to proceed in judgment. In *Hoffman v. Blaski*, 363 U. S. 335 the Supreme Court held the position that an invalid transfer of a case resulted in the transferee court not acquiring jurisdiction. Subsequent caselaw such as *Swindell Dressler v. Dambauld*, 308 F.2d 274, *Solomon v. Continental American Life Insurance Company*, 472 F.2d 1045, and *Fine v. McGuire*, 433 F.2d 499 all confirm the opinion that a transfer performed without due notice and an opportunity for parties to respond was improper and either resulted in jurisdiction not passing to the transferee court or at the minimum justifying the approval of a motion to vacate or in the extreme a *Writ of Mandamus* ordering the lower court to vacate the improper transfer order. In *Fine v. McGuire* an informal procedure was used to return the case to the transferor court. Based upon this caselaw it is plaintiff's position that the jurisdiction of the case still resides within the District Court of the Eastern District of California. Therefore, the *Motion to Vacate the Transfer Order* of May 5th, 2014 remained within the jurisdiction of this court. The subsequent denial of the motion to vacate which was filed May 8th, 2014 (Doc. 6) is now appropriate for appeal to the United States Court of Appeals Ninth Circuit. In the May 8th, 2014 order of the District Court it is referenced that the case was dismissed immediately following transfer to the United States District Court of the Southern District of Florida on, 2/5/14 and therefore the Court offered the opinion that plaintiff's motion was "moot". With respect to mootness it is plaintiff's position that an exception exists in this case due to the fact that this type of invalid transfer is *"capable of repetition"* and "there is a reasonable expectation that the same complaining party will be subject to the same action again "on this type of transfer order under 28 U.S.C. 1391(a) due to

plaintiff's intention to initiate suit against other parties in Florida on other issues where similar considerations of venue and jurisdiction will arise. This is in part due to plaintiff's position that the 1990 revision of 28 U.S.C. § 1391 which eliminated plaintiff's district of residence as a possible venue for federal diversity case jurisdiction is an unconstitutional taking of a substantial plaintiff right that has no "*rational basis*". This was a right to plaintiff's held for over 200 years since the time of the Judiciary act of 1789. Thus, the two prongs of the test for continuing litigation on an issue under mootness as established by the Supreme Court in *Jack Davis v. Federal Election Commission, 554 U.S. 735* have been met. It is based upon this discussion that it is plaintiff's position that the original transfer order remains appealable before the Ninth Circuit and that the intent to challenge the constitutionality of 28 U.S.C. § 1391 which eliminated plaintiff's district of residency as a possible venue for federal diversity case litigation represent valid issues to raise before the Ninth Circuit Appellate Court. In the alternative, plaintiff did submit an amended complaint which was timely filed on February 25th, 2014 (Doc. 8) in the U.S. District Court of South Florida in response to the final order of dismissal dated 2/5/14 (Doc. 7). That amended complaint was struck from the record on April 7th, 2014 (Doc. 9). The motion for relief from the District Court of the Eastern District of California was a timely filed on 5/5/14 relative to the order striking the amended complaint of 4/7/14. Under Federal Rule 52(b) this appeal is now timely filed seeking relief from the May 8th, 2014 order denying plaintiff's Motion to Vacate the 2/4/14 Transfer Order (doc. 5) under 28 U.S.C. § 1291.

(s) _[signature]_, M.D.   6/5/14

Attorney for: Pro Se Appellant Raymond H. Pierson, III, M.D.

Address: 813 Court Street, Suite #1, Jackson, CA 95642

## CERTIFICATE OF SERVICE

I hereby certify that on June 6th, 2014, the foregoing document was served on the below

via Certified Mail:

BRUCE S. ROGOW, J.D.
BRUCE S. ROGOW, P.A.
500 EAST BROWARD BLVD., STE. 1930
FORT LAUDERDALE, FL 33394

MCINTOSH SCHWARTZ
ATTN: CYNTHIA GUNTER, J.D.
888 S. EAST 3RD AVE., STE# 500
FORT LAUDERDALE, FL 33316

_____
Raymond H. Pierson, III, M.D., Pro Se

6/6/14
_____
Date Signed

_____
Witness Signature

6/6/14
_____
Date Signed

